**JOHN F. MCGRORY, JR.,** OSB #813115
johnmcgrory@dwt.com
**MARK P. TRINCHERO**, OSB #883221
marktrinchero@dwt.com
**BLAKE J. ROBINSON**, OSB #084543
blakerobinson@dwt.com
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
Tel:    (503) 241-2300
Fax:    (503) 778-5299

Attorneys for Plaintiff Comcast of Oregon II, Inc.


## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **COMCAST OF OREGON II, INC**., a Delaware corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>**CITY OF BEAVERTON**, an Oregon municipal corporation,<br><br>                    Defendant. | Case No. 3:20-cv-01225-SI (lead case)<br>Case No. 3:20-cv-01528-SI (trailing case)<br><br>**CONSOLIDATED FIRST AMENDED COMPLAINT**<br><br>(42 U.S.C. § 1983 (Contract Clause); Declaratory Judgment under 28 U.S.C. § 2201; Breach of Contract; Money Had and Received; Unjust Enrichment) |

Plaintiff Comcast of Oregon II, Inc. alleges:

## PARTIES

1.

Plaintiff Comcast of Oregon II, Inc. ("Comcast") is a Delaware corporation that operates a

cable system, over which it provides both cable and non-cable services to customers in Beaverton,

Oregon.  The non-cable services provided by Comcast include voice and broadband.

Page 1 –CONSOLIDATED FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

2.

Defendant City of Beaverton (the "City") is an Oregon municipal corporation.

## JURISDICTION AND VENUE

3.

The United States District Court for the District of Oregon has subject matter jurisdiction over Comcast's claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  Complete diversity exists because Comcast is incorporated in Delaware and its principal place of business is in Pennsylvania, and the City is an Oregon municipal corporation.  The amount in controversy exceeds $75,000 because Comcast is seeking damages in excess of that amount.  Venue is proper in this District under 28 U.S.C. § 1391(b).

4.

This Court also has subject matter jurisdiction over Comcast's claim under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).  This Court has the authority to determine the parties' respective rights and other legal obligations pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, because the declaratory judgment sought herein is based on a federal question under 28 U.S.C. § 1331.

## FACTUAL ALLEGATIONS

5.

Comcast and the City are parties to a contract entitled "Cable Television Franchise Agreement Between the Jurisdictions participating in the Metropolitan Area Communications Commission and Comcast of Oregon II, Inc.," dated June 10, 2015 (the "Franchise") and effective on or about July 15, 2015.   The Franchise was negotiated by the Metropolitan Area

4839-5002-4652v.1 0024116-000584

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

Communications Commission and was adopted by the City by ordinance.  Only Comcast and the City are parties to the Franchise.

6.

The term of the Franchise and all rights, privileges, obligations, and restrictions pertaining thereto is from July 15, 2015, through June 30, 2025.

7.

The Cable Act has been codified as Title VI of the Communications Act of 1934, as amended (the "Act"), 47 U.S.C. § 521, et seq.

8.

Under Title VI, Comcast's rights under the Franchise include the right to provide non-cable services over Comcast's cable system.  Section 624 of the Cable Act, codified at 47 U.S.C. § 544, provides that a "franchising authority may not regulate the services, facilities, and equipment provided by a cable operator except to the extent consistent with [Title VI of the Act]," and "may not . . . establish requirements for video programming or other information services."  47 U.S.C. § 544(a) & (b)(1).

9.

In 2007, the FCC issued a *First Report and Order*, which held that, under the Cable Act, franchising authorities are prohibited from using their cable franchising authority to regulate any services other than cable services (such as voice and broadband services) that cable operators provide over their mixed-use networks (i.e., cable systems that carry broadband services, voice services, and other non-cable services, in addition to video programming services). *Implementation of Section 621(a)(1) of the Cable Communications Policy Act of 1984 as Amended*

Page 3 –CONSOLIDATED FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

*by the Cable Television Consumer Protection and Competition Act of 1992,* Report and Order and

Further Notice of Proposed Rulemaking, 22 FCC Rcd 5101 (2007).

10.

In 2019, the FCC issued another order interpreting the Cable Act. *Implementation of Section 621(a)(1) of the Cable Communications Policy Act of 1984 as Amended by the Cable Television Consumer Protection and Competition Act of 1992,* MB Docket No. 05-311, Third Report and Order, 34 FCC Rcd 6844 (2019) (the "621 Order"). In the 621 Order, the FCC clarified that the Cable Act "preempts any state or local regulation of a cable operator's non-cable services that would impose obligations on franchised cable operators beyond what Title VI of the Act allows." *Id.* ¶ 7. The FCC emphasized that its "conclusions regarding the scope of [local franchising authorities'] authority to regulate incumbent cable operators' non-cable services, facilities, and equipment follow from the statutory scheme," and expressly repudiated the Oregon Supreme Court's contrary analysis of the Cable Act in *City of Eugene v. Comcast of Oregon II, Inc.*, 359 Or. 528, 375 P.3d 446 (20160). *Id.* ¶ 65.

11.

The City granted the Franchise pursuant to the Cable Act. The Franchise expressly grants Comcast "authorization to make lawful use of the Public Rights of Way within the Franchise Area to construct, operate, and repair a Cable System for the purpose of providing Cable Services[.]" Franchise, § 2.1(A).

12.

As clarified by the 621 Order, all cable franchises granted after the enactment of the Cable Act, including the Franchise, authorize a cable operator to provide cable *and non-cable* services

4839-5002-4652v.1 0024116-000584

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

over the cable system as part of the cable operator's franchise grant of operating authority. 621 Order, ¶¶ 64-79.

13.

By operation of law, therefore, the Franchise authorizes Comcast to provide non-cable services over the cable system as part of Comcast's original grant of operating authority and in consideration of the payment of "franchise fees" (described below).

14.

Comcast provides non-cable services over the cable system in the City, including voice service and broadband service.

15.

Pursuant to the Franchise, as compensation for the use of the Public Rights of Way ("ROW"), Comcast collects from customers and pays the City franchise fees in the amount of 5% of Comcast's gross revenues derived from the provision of cable service within the City ("Franchise Fee"). Franchise, ¶ 3.1(A).

16.

The Franchise Fee is the maximum allowed under 47 U.S.C. § 542(b), which provides that "[f]or any twelve-month period, the franchise fees paid by a cable operator with respect to any cable system shall not exceed 5 percent of such cable operator's gross revenues derived in such period from the operation of the cable system to provide cable services."

17.

At all relevant times, Comcast has paid the Franchise Fee to the City.

4839-5002-4652v.1 0024116-000584

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

18.

In 2016, the City enacted Ordinance No. 4684, an ordinance relating to utility facilities in the City's rights-of-way (the "ROW Ordinance").  The ROW Ordinance is codified as Chapter 4.15 of the Beaverton City Code.

19.

The ROW Ordinance requires persons that own or use facilities in the ROW for provision of utility services, including communications services, to pay the City a ROW fee for every service provided using the ROW.

20.

The ROW Ordinance established a ROW fee for providers of communications service of 5% of gross revenues derived from the provision of communications services (the "ROW Fee").

21.

On or about April 12, 2019, the City informed Comcast of the City's belief that Comcast's provision of voice and broadband service over its cable system subjects Comcast to the ROW Fee on communications service imposed by the ROW Ordinance and demanded payment of the ROW Fee on gross revenues Comcast derives from voice and broadband services.

22.

By the terms of the ROW Ordinance, if Comcast refused to pay the additional ROW Fees required thereunder, the City could discontinue Comcast's ability to provide voice and broadband services using its cable system in the City's ROW.

23.

On or about April 25, 2019, Comcast representatives met with representatives of the City

Page 6 –CONSOLIDATED FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

and informed the City that Comcast did not agree that its provision of voice and broadband service over its cable system subjects it to the City's ROW Fee on gross revenues derived from the provision of voice and broadband services in the City and that said imposition of the ROW Fee on Comcast is unlawful.  Comcast also informed the City that, in order to avoid litigation, Comcast would pay the City, on a prospective basis and under protest and reserving all rights, the ROW Fee on its gross revenues derived from voice and broadband services provided within the City. Comcast began making those payments in July 2019.  On or about July 1, 2020, the City demanded that Comcast pay the ROW Fee for the period October 1, 2016, through June 30, 2019.

24.

From July 2019 to the present, Comcast has remitted to the City ROW Fee payments for voice and broadband services in an amount to be proven at trial, but in excess of $1 million.

25.

Comcast intends to continue remitting to the City (prospectively and under protest) ROW Fee payments for voice and broadband services until the Court orders otherwise.

**FIRST CLAIM FOR RELIEF**

**(Injunctive and Other Relief based on Violation of 42 U.S.C. § 1983 – Deprivation of Constitutional Right Under Article I, Section 10 of the United States Constitution)**

26.

Comcast incorporates the allegations in Paragraphs 1 through 25, above.

27.

The Franchise is an enforceable contract, issued pursuant to the City's franchising authority under the Cable Act that allows Comcast to use its cable system for the provision of cable and non-

4839-5002-4652v.1 0024116-000584

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

cable services to Comcast's subscribers.

28.

The Franchise is directly governed by and incorporates the applicable provisions of the Cable Act.

29.

The FCC is the federal agency responsible for administering and therefore interpreting the Act, including the Cable Act.

30.

In the 621 Order, the FCC conclusively interpreted the Cable Act to permit service providers like Comcast to use their franchised cable systems to deliver non-cable services as part of the provider's contractual right under existing franchises with municipalities such as the City. 621 Order, ¶¶ 64-79.

31.

As clarified in the 621 Order, and by operation of federal law, the Franchise guarantees Comcast the right to provide both cable and non-cable services (including the voice and broadband services at issue in this case) using its cable system in the City's ROW without any additional authorization or the payment of fees other than the 5% Franchise Fee that Comcast already pays for the right to make use of its cable system in the City's ROW.  The 621 Order also clarifies that the Cable Act prohibits state and local governments from imposing such additional authorizations or fees under the guise of any other law or regulatory authority.

32.

The ROW Ordinance imposes additional obligations that Comcast must satisfy in order to

Page 8 –CONSOLIDATED FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

exercise its existing right to provide non-cable services through its cable system, a right that Comcast is already guaranteed by operation of the Franchise as properly construed under the Cable Act.

33.

Specifically, the ROW Ordinance bars Comcast from providing non-cable services unless Comcast complies with a registration requirement and pays an additional fee on Comcast's use of its cable system for Comcast's provision of non-cable services. The 621 Order expressly addresses exactly these kind of additional regulatory requirements and fees. Specifically, the registration requirement is an attempt to regulate Comcast's provision of non-cable services that is prohibited under federal law. Conditioning provision of non-cable services on payment of a fee in addition to the Franchise Fee it already pays for use of the City's ROW is likewise prohibited under federal law, and the additional fee exceeds the statutory limit on franchise fees imposed by 47 U.S.C. § 542(b).

34.

In adopting the ROW Ordinance, the City has wrongly conditioned and impaired Comcast's federal right to use its cable system for the provision of cable and non-cable services to Comcast's subscribers, by conditioning that pre-existing right on payment of the later-imposed ROW Fees.

35.

By legislatively enacting an ordinance that substantially impairs the City's own obligation to allow non-cable services under the Franchise (and thereby impairs Comcast's rights under the Franchise), the City has, under color of state law, deprived Comcast of its constitutional right not

Page 9 –CONSOLIDATED FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon 97201 · (503) 241-2300

to have a political subdivision of the State of Oregon impair any contractual obligations owed to Comcast.

36.

Comcast's right not to have a political subdivision of the State of Oregon impair any contractual obligations owed to Comcast is a right guaranteed by Article I, Section 10 of the United States Constitution.

37.

By acting under color of law to deprive Comcast of its right under Article I, Section 10 of the United States Constitution not to have a political subdivision of the State of Oregon impair any contractual obligations owed to Comcast, the City has violated 42 U.S.C. § 1983.

38.

Because the ROW Ordinance impairs the City's obligations under the Franchise (and thereby impairs Comcast's rights under the Franchise), Comcast is entitled to a declaration that the ROW Ordinance is, and has been from its initial effective date, unlawful, null, and void.

39.

Enforcement of the ROW Ordinance against Comcast is unlawful.

40.

Enforcement of the ROW Ordinance, and, in particular, enforcement of provisions that purport to bar Comcast from using the cable system for provision of non-cable services unless it continues to remit the ROW Fee, would result in irreparable harm to Comcast, including reputational injury, loss of goodwill, loss of prospective customers, and loss of market share.

4839-5002-4652v.1 0024116-000584          DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

41.

Accordingly, the City should be enjoined from taking action pursuant to the ROW Ordinance to limit or restrict Comcast's provision of non-cable services over the cable system under the Franchise, including without limitation any actions to condition the provision of non-cable services on remittance of the ROW Fee.

## SECOND CLAIM FOR RELIEF

## (Declaratory Judgment under 28 U.S.C. § 2201)

42.

Comcast incorporates the allegations in paragraphs 1 through 41, above.

43.

The Franchise is directly authorized and governed by and incorporates the applicable provisions of the Cable Act.

44.

The FCC is the federal agency responsible for administering and therefore interpreting the Cable Act.

45.

In the 621 Order, the FCC conclusively interpreted the Cable Act as permitting service providers like Comcast to use their franchised cable systems to deliver non-cable services as part of the provider's contractual rights under existing franchises with municipalities such as the City, and without the imposition of any additional authorization or fee requirements under any other source of state or local regulatory authority. 621 Order, ¶¶ 64-79. The relevant provisions of the Cable Act were enacted in 1984, and, therefore, the FCC's conclusive interpretation applies both

Page 11 –CONSOLIDATED FIRST AMENDED COMPLAINT

prospectively and retroactively.

46.

The ROW Ordinance imposes additional obligations that Comcast must satisfy in order to exercise its existing right to provide non-cable services through its cable system, a right that Comcast is already guaranteed by operation of the Franchise as properly construed under the Cable Act.

47.

As a result, the ROW Ordinance conflicts with, and is preempted by, the Cable Act and the Supremacy Clause of the United States Constitution, and is in violation of the City's obligations under the Franchise pursuant to federal law.  The ROW Ordinance is, and has been from its initial effective date, therefore, unlawful, null, and void.  If the City were to continue enforcing the ROW Ordinance against Comcast, that would result in harm to Comcast and its customers.

48.

Plaintiff contends that the ROW Ordinance is unlawful, null, and void, and that continued enforcement of the ROW Ordinance would also be unlawful.  The City contends that the ROW Ordinance is lawful, and that continued enforcement—including against Comcast—is lawful.  Accordingly, a justiciable case or controversy exists between the Parties.

49.

Plaintiff is entitled to a declaration that the ROW Ordinance is unlawful and null and void *ab initio* to the extent it imposes additional obligations that Comcast must satisfy to exercise its pre-existing right to provide non-cable services over its cable system in the City.

4839-5002-4652v.1 0024116-000584

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

50.

The Court should also impose a constructive trust in Comcast's favor on all ROW Fees that Comcast pays to the City for voice and broadband services from the date of this Consolidated Amended Complaint until the Court enters a final judgment.

### THIRD CLAIM FOR RELIEF

### (Breach of Contract)

51.

Comcast incorporates the allegations in paragraphs 1 through 50, above.

52.

The Franchise is a valid and enforceable contract.

53.

The ROW Ordinance violates the Franchise by requiring Comcast to pay more than the 5% Franchise Fee on Gross Revenues agreed to by both Comcast and the City, as properly construed pursuant to the Cable Act.

54.

On August 2, 2019, the FCC adopted the 621 Order.  The 621 Order clarified that ordinances like the ROW Ordinance are preempted under the Cable Act.

55.

By demanding payments from Comcast that it did not owe under the Franchise, the City breached the Franchise.

56.

As a result of the City's breach of the Franchise, Comcast has been harmed in an amount

Page 13 –CONSOLIDATED FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

to be proven at trial, but in excess of $1 million.

57.

Comcast has fully performed its obligations under the Franchise.

58.

Comcast intends to continue to make the ROW Fee payments (prospectively and under protest) to the City until the Court enters a judgment in this action.  Each such payment will unjustly enrich the City.  Accordingly, the Court should also impose a constructive trust in Comcast's favor on all ROW Fees that Comcast pays to the City for voice and broadband services from the date of this Consolidated Amended Complaint until the Court enters a final judgment.

## FOURTH CLAIM FOR RELIEF

### (Money Had and Received)

59.

Comcast incorporates the allegations in paragraphs 1 through 58, above.

60.

By operation of the ROW Ordinance, the City required Comcast to pay to the City certain identifiable funds in an amount to be proven at trial, but in excess of $1 million.

61.

By adopting the 621 Order, the FCC clarified that providers like Comcast have the right to provide both cable and non-cable services over their cable systems as part of their contractual rights under their cable franchises.  By requiring Comcast to pay for a contractual right it already possesses and in an amount that exceeds the statutory limit on franchise fees imposed by 47 U.S.C. § 542(b), the City had and received moneys from Comcast unjustly and in violation of federal law.

Page 14 –CONSOLIDATED FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

62.

Comcast informed the City of the 621 Order, but efforts to resolve this dispute through discussions have been unsuccessful, necessitating this action to seek recovery of the moneys had and received by the City in violation of the Cable Act.

63.

As a result of the City's unjust and wrongful exaction of unlawful fees from Comcast for the exercise of a contractual right Comcast already possessed under the Franchise, Comcast has been damaged in an amount to be proven at trial, but in excess of $1 million.

64.

Comcast intends to continue to make the ROW Fee payments (prospectively and under protest) to the City until the Court enters a judgment in this action.  Each such payment will unjustly enrich the City.  Accordingly, the Court should also impose a constructive trust in Comcast's favor on all ROW Fees that Comcast pays to the City for voice and broadband services from the date of this Consolidated Amended Complaint until the Court enters a final judgment.

**FIFTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

65.

Comcast incorporates the allegations in paragraphs 1 through 64, above.

66.

By paying the ROW Fee to the City pursuant to the ROW Ordinance, Comcast conferred a benefit on the City in the form of direct revenue.

Page 15 –CONSOLIDATED FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

67.

The City was aware at the time that those payments were made that the City had received a benefit from Comcast because the City required Comcast to make those payments even over Comcast's protests.

68.

Pursuant to the Cable Act as clarified in the 621 Order, the City's ROW Fees are prohibited by federal law and are therefore preempted.  Because the City was only able to extract the ROW fee payments from Comcast by operation of an unlawful municipal ordinance that violated Comcast's contractual rights under the Franchise, it would be unjust for the City to retain the ROW Fee payments.

69.

As a result of the City's unjust retention of Comcast's ROW Fee payments, Comcast has been harmed in an amount to be proven at trial, but in excess of $1 million.

70.

Comcast intends to continue to make the ROW Fee payments (prospectively and under protest) to the City until the Court enters a judgment in this action.  Each such payment will unjustly enrich the City.  Accordingly, the Court should also impose a constructive trust in Comcast's favor on all ROW Fees that Comcast pays to the City for voice and broadband services from the date of this Consolidated Amended Complaint until the Court enters a final judgment.

WHEREFORE, Plaintiff prays:

A.      On its **First Claim for Relief**:

4839-5002-4652v.1 0024116-000584

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

1.     For nominal money damages, not to exceed one dollar, under 42 U.S.C. § 1983.

2.     For an injunction barring the City from taking action to limit or restrict Comcast's provision of non-cable services over the cable system under the Franchise, including without limitation attempts to condition the provision of non-cable services on remittance of the ROW Fee.

3.     For an award of its reasonable costs and attorney fees incurred in bringing this action, pursuant to 42 U.S.C. § 1988.

B.     On its **Second Claim for Relief:**

1.     For a declaration that the ROW Ordinance is unlawful and null and void *ab initio* to the extent it imposes additional fee payment and other obligations that Comcast must satisfy in order to exercise its pre-existing right to provide non-cable services over its cable system in the City.

2.     For a constructive trust in Comcast's favor on all ROW Fees that Comcast pays to the City for voice and broadband services from the date of this Consolidated Amended Complaint until the Court enters a final judgment.

C.     On its **Third Claim for Relief:**

1.     For damages in an amount to be proven at trial, but in excess of $1 million.

2.     For a constructive trust in Comcast's favor on all ROW Fees that Comcast pays to the City for voice and broadband services from the date of this Consolidated Amended Complaint until the Court enters a final judgment.

3.     For pre-judgment interest at the statutory rate of 9%.

Page 17 –CONSOLIDATED FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue · Suite 2400
Portland, Oregon  97201 · (503) 241-2300

D.    On its **Fourth Claim for Relief:**

1.    For damages in an amount to be proven at trial, but in excess of $1 million.

2.    For a constructive trust in Comcast's favor on all ROW Fees that Comcast pays to the City for voice and broadband services from the date of this Consolidated Amended Complaint until the Court enters a final judgment.

3.    For pre-judgment interest at the statutory rate of 9%.

E.    On its **Fifth Claim for Relief:**

1.    For damages in an amount to be proven at trial, but in excess of $1 million.

2.    For a constructive trust in Comcast's favor on all ROW Fees that Comcast pays to the City for voice and broadband services from the date of this Consolidated Amended Complaint until the Court enters a final judgment.

3.    For pre-judgment interest at the statutory rate of 9%.

F.    For an award of all of its reasonable costs incurred in this action.

G.    For such other relief as the Court finds just and equitable.

DATED this 21st day of September, 2020September, 2020.

DAVIS WRIGHT TREMAINE LLP

By: */s/ John F. McGrory, Jr.*
John F. McGrory, Jr., OSB #813115
Mark P. Trinchero, OSB #883221
Blake J. Robinson, OSB #084543
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299
johnmcgrory@dwt.com
marktrinchero@dwt.com
blakerobinson@dwt.com

Attorneys for Plaintiff Comcast of Oregon II, Inc.

Page 18 –CONSOLIDATED FIRST AMENDED COMPLAINT