**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Anna M. Joyce, OSB #013112**
AnnaJoyce@MarkowitzHerbold.com
**Anthony Blake, OSB #163446**
AnthonyBlake@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tele:  (503) 295-3085
Fax:  (503) 323-9105

        Attorneys for City of Beaverton

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COMCAST OF OREGON II, INC.**, an Oregon corporation, | Case Nos.  3:20-cv-01225-SI (Lead)<br>3:20-cv-01528-SI |
| Plaintiff, | |
| v. | **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO CONSOLIDATED FIRST AMENDED COMPLAINT** |
| **CITY OF BEAVERTON**, an Oregon municipal corporation, | |
| Defendant. | |
| **CITY OF BEAVERTON**, an Oregon municipal corporation, | |
| Plaintiff, | |
| v. | |
| **COMCAST OF OREGON II, INC.**, an Oregon corporation, | |
| Defendant. | |

## INTRODUCTION

No corporation is above the law.  All companies, large and small, must pay their fair

share in supporting the infrastructure that allows their entities to operate.  Moreover, the Oregon

Constitution grants cities the right to take all actions necessary to govern their local affairs,

**Page 1 -    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO
        CONSOLIDATED FIRST AMENDED COMPLAINT**

which includes collecting fees from companies that use the cities' infrastructure to operate their business. A federal agency can only abridge that constitutional right in narrow and explicit circumstances, which do not exist here. Out of respect for the basic principles of federalism, fairness, and the rule of law, defendant City of Beaverton ("City") seeks to collect more than $3.75 million owed by plaintiff Comcast of Oregon II, Inc. ("Comcast" or "Plaintiff") as a result of Comcast's refusal to pay in full for its use of the City's rights-of-way. The City responds to Comcast's Complaint as follows.

**ANSWER TO PLAINTIFF'S ALLEGATIONS**

1.

The City is without sufficient knowledge or information to form a belief as to the allegations in paragraph 1, and therefore denies these allegations.

2.

The City admits the allegations in paragraph 2.

3.

Comcast's allegations in paragraph 3 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

4.

Comcast's allegations in paragraph 4 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

5.

With respect to paragraph 5, the City admits that the parties entered into a Cable Television Franchise Agreement (the "Agreement" or "Franchise"), that the Agreement was negotiated by the Metropolitan Area Communications Commission and was adopted by the City by ordinance. The City neither admits nor denies the remaining allegations in paragraph 5.

6.

With respect to paragraph 6, the City neither admits nor denies the allegations regarding the terms of the Agreement, because the Agreement speaks for itself. To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

7.

With respect to paragraph 7, the City neither admits nor denies the allegations regarding the terms of the Cable Act, codified as Title VI of the Communications Act of 1934, as amended (the "Act"), 47 U.S.C. § 521, et seq., because the Act speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

8.

Comcast's allegations in the first sentence of paragraph 8 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations. The City neither admits nor denies the remaining allegations in paragraph 8 regarding the terms of the Act, because the Act speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

9.

With respect to paragraph 9, the City neither admits nor denies the allegations regarding the language in the FCC's *Implementation of Section 621(a)(1) of the Cable Communications Policy Act of 1984 as Amended by the Cable Television Consumer Protection and Competition Act of 1992,* Report and Order and Further Notice of Proposed Rulemaking, 22 FCC Rcd 5101 (2007), (the "*First Report and Order*") because the *First Report and Order* speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

10.

With respect to paragraph 10, the City neither admits nor denies the allegations regarding the language in the *Implementation of Section 621(a)(1) of the Cable Communications Policy Act of 1984 as Amended by the Cable Television Consumer Protection and Competition Act of 1992,* MB Docket No. 05-311, Third Report and Order, 34 FCC Rcd 6844 (2019) (the "621 Order"), because the 621 Order speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

11.

With respect to paragraph 11, the City admits the Franchise is a lawful agreement.  The City neither admits nor denies the remaining allegations in paragraph 11 regarding section 2.1(A) of the Franchise, because the Franchise speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

12.

Comcast's allegations in paragraph 12 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

13.

Comcast's allegations in paragraph 13 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

14.

The City is without sufficient knowledge or information to form a belief as to the allegations in paragraph 14, and therefore denies the allegations.

15.

With respect to paragraph 15, the City neither admits nor denies the allegations regarding section 3.1(A) of the Agreement, because the Agreement speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

16.

Comcast's allegations in paragraph 16 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

17.

At all relevant times, Comcast has paid franchise fees for cable television services. Otherwise the City denies the allegations in paragraph 17.

18.

The City admits that in 2016, the City enacted Ordinance No. 4684, an ordinance relating to utility facilities in the City's rights-of-way (the "ROW Ordinance"), and that the ROW Ordinance is codified as Chapter 4.15 of the Beaverton City Code ("BC").

19.

With respect to paragraph 19, the City neither admits nor denies the allegations regarding the ROW Ordinance, because the ROW Ordinance speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

20.

With respect to paragraph 20, the City neither admits nor denies the allegations regarding the ROW Ordinance, because the ROW Ordinance speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

21.

With respect to paragraph 21, the City admits that on April 12, 2019, it sent Comcast a letter regarding Comcast's failure to comply with BC Chapter 4.15.  The City neither admits nor denies the remaining allegations regarding the content of the City's April 12, 2019 letter, because the letter speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

22.

Comcast's allegations in paragraph 22 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

23.

With respect to paragraph 23, the City admits that it met with Comcast on or about April 25, 2019.  The City admits that Comcast informed the City that Comcast did not agree that its provision of voice and broadband service over its cable system subjected it to the City's ROW Fee on gross revenues derived from the provision of voice and broadband services in the City. The City further admits that Comcast informed the City that it would pay the ROW Fee under protest. The City also admits that Comcast began making ROW Fee payments under protest in

July 2019—after Comcast began passing the fee on to its customers.  The City neither admits nor denies the final allegation in paragraph 23 regarding the City's July 1, 2020 letter to Comcast, because the letter speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes the July 1, 2020 letter's contents or what occurred during the meeting on or about April 25, 2019, the allegations are denied.  Unless expressly admitted, the City denies the allegations in paragraph 23.

24.

The City admits that since Comcast began passing the fee on to its customers, from July 2019 to the present, Comcast has remitted to the City ROW payments for voice and internet services and has marked those payments under protest.

25.

The City is without sufficient knowledge or information to form a belief as to the allegations in paragraph 25, and therefore denies these allegations.

**ANSWER TO PLAINTIFF'S FIRST CLAIM FOR RELIEF**

26.

The City adopts and incorporates its responses to the foregoing allegations as though set forth here in full.

27.

Comcast's allegations in paragraph 27 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

28.

Comcast's allegations in paragraph 28 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

29.

The City admits that the FCC is one federal agency that has responsibility for administering and interpreting the Act, including the Cable Act.

30.

With respect to paragraph 30, the City neither admits nor denies the allegations regarding the 621 Order, because the 621 Order speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

31.

Comcast's allegations in the first sentence of paragraph 31 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.  The City neither admits nor denies the remaining allegations in paragraph 31 regarding the 621 Order, because the 621 Order speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.

32.

Comcast's allegations in paragraph 32 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

33.

With respect to paragraph 33, the City neither admits nor denies the allegations regarding the ROW Ordinance and the 621 Order, because the ROW Ordinance and 621 Order speak for themselves.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes their contents, the allegations are denied.  Comcast's remaining allegations in paragraph 33 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

34.

Comcast's allegations in paragraph 34 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

35.

Comcast's allegations in paragraph 35 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

36.

Comcast's allegations in paragraph 36 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

37.

Comcast's allegations in paragraph 37 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

38.

The City denies that Comcast is entitled to any relief in this action and denies the remainder of the allegations in paragraph 38.

39.

Comcast's allegations in paragraph 39 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

40.

Comcast's allegations in paragraph 40 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

41.

The City denies that Comcast is entitled to any relief in this action and denies the remainder of the allegations in paragraph 41.

**ANSWER TO PLAINTIFF'S SECOND CLAIM FOR RELIEF**

42.

The City adopts and incorporates its responses to the foregoing allegations as though set forth here in full.

43.

Comcast's allegations in paragraph 43 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

44.

The City admits that the FCC is one federal agency that has responsibility for administering and interpreting the Act, including the Cable Act.

**Page 8 -    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO CONSOLIDATED FIRST AMENDED COMPLAINT**

45.

With respect to paragraph 45, the City neither admits nor denies the allegations regarding the 621 Order, because the 621 Order speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.  Comcast's remaining allegations in paragraph 45 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

46.

Comcast's allegations in paragraph 46 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

47.

Comcast's allegations in paragraph 47 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

48.

The City admits that Comcast contends that the ROW Ordinance is unlawful, that the City contends that the ROW Ordinance is lawful, and that continued enforcement is lawful. Comcast's allegations in the final sentence of paragraph 48 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

49.

The City denies that Comcast is entitled to any relief in this action and denies the remainder of the allegations in paragraph 49.

50.

The City denies that Comcast is entitled to a constructive trust in its favor.  Pursuant to Article XI, section 2, of the Oregon Constitution and Chapter 2, section 4 of the Beaverton Charter, ORS 221.410, and ORS 221.415, the City has the legal authority to enact and enforce the ROW Ordinance.

## ANSWER TO PLAINTIFF'S THIRD CLAIM FOR RELIEF

### 51.

The City adopts and incorporates its responses to the foregoing allegations as though set forth here in full.

### 52.

The City admits that the Franchise is a valid and enforceable contract.

### 53.

Comcast's allegations in paragraph 53 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

### 54.

The City neither admits nor denies the allegations in paragraph 54 regarding the 621 Order, because the 621 Order speaks for itself. To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied. Comcast's allegations in the final sentence of paragraph 54 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

### 55.

Comcast's allegations in paragraph 55 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

### 56.

Comcast's allegations in paragraph 56 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

### 57.

Comcast's allegations in paragraph 57 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

### 58.

The City is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of paragraph 58, and therefore denies these allegations. Comcast's allegations in the second sentence of paragraph 58 are legal conclusions for which no

response is required.  To the extent a response is required, the City denies the allegations.  The City further denies that Comcast is entitled to a constructive trust in its favor.  Pursuant to Article XI, section 2, of the Oregon Constitution and Chapter 2, section 4 of the Beaverton Charter, ORS 221.410, and ORS 221.415, the City has the legal authority to enact and enforce the ROW Ordinance.

### ANSWER TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF

59.

The City adopts and incorporates its responses to the foregoing allegations as though set forth here in full.

60.

Comcast's allegations in paragraph 60 are legal conclusions for which no response is required.  To the extent a response is required, the City admits that since Comcast began passing the fee on to its customers, from July 2019 to the present, Comcast has remitted to the City ROW payments for voice and internet services and has marked those payments under protest.

61.

The City neither admits nor denies the allegations in paragraph 61 regarding the 621 Order, because the 621 Order speaks for itself.  To the extent Comcast misquotes, misstates, or otherwise mischaracterizes its contents, the allegations are denied.  Comcast's allegations in the final sentence of paragraph 61 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

62.

The City admits that Comcast informed the City of its interpretation of the 621 Order and that efforts to resolve this dispute through discussions have been unsuccessful.  The City further admits that it attempted to resolve this dispute through discussions, but Comcast did not comply with the mediation requirement under the Franchise agreement to resolve this dispute.  Instead, and under the guise of needing additional time to respond to settlement efforts, Comcast filed its complaint in federal court.  Comcast's remaining allegations in paragraph 62 are legal

**Page 11 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO CONSOLIDATED FIRST AMENDED COMPLAINT**

conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

63.

Comcast's allegations in paragraph 63 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

64.

The City is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of paragraph 64, and therefore denies these allegations. Comcast's allegations in the second sentence of paragraph 64 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.  The City further denies that Comcast is entitled to a constructive trust in its favor.  Pursuant to Article XI, section 2, of the Oregon Constitution and Chapter 2, section 4 of the Beaverton Charter, ORS 221.410, and ORS 221.415, the City has the legal authority to enact and enforce the ROW Ordinance.

**ANSWER TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF**

65.

The City adopts and incorporates its responses to the foregoing allegations as though set forth here in full.

66.

Comcast's allegations in paragraph 66 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

67.

Comcast's allegations in paragraph 67 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

68.

Comcast's allegations in paragraph 68 are legal conclusions for which no response is required.  To the extent a response is required, the City denies the allegations.

69.

Comcast's allegations in paragraph 69 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations.

70.

The City is without sufficient knowledge or information to form a belief as to the allegations in the first sentence of paragraph 70, and therefore denies these allegations. Comcast's allegations in the second sentence of paragraph 70 are legal conclusions for which no response is required. To the extent a response is required, the City denies the allegations. The further City denies that Comcast is entitled to a constructive trust in its favor. Pursuant to Article XI, section 2, of the Oregon Constitution and Chapter 2, section 4 of the Beaverton Charter, ORS 221.410, and ORS 221.415, the City has the legal authority to enact and enforce the ROW Ordinance.

71.

Except as specifically admitted above, the City denies each and every allegation of Comcast's complaint, including denying that Comcast is entitled to any damages or attorney fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim—First Claim for Relief)

72.

Comcast's first claim for relief, impairment of contract, fails to state a claim for which relief can be granted. As a matter of law, Comcast cannot bring an impairment of contract claim action under 42 U.S.C. § 1983 based on a simple breach of contract. Accordingly, Comcast's first claim for relief fails to state a claim and Comcast is not entitled to an injunction, damages, attorney fees, or any relief or remedies pursuant to this claim.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim—Second Claim for Relief)

73.

Comcast's second claim for relief fails to state a claim for which relief can be granted. The 621 Order (1) does not apply to a generally applicable ordinance that applies to all utilities, (2) does not preempt the City's ordinance, and (3) does not apply retroactively. Accordingly, Comcast's second claim for relief fails to state a claim and Comcast is not entitled to an injunction, the declaration it seeks, or any relief or remedies pursuant to this claim.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Pursue Alternative Dispute Resolution)

74.

Comcast failed to request alternative dispute resolution before filing this lawsuit, as required pursuant to Section 19.2 of the Franchise.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy a Condition Precedent)

75.

Comcast was required to comply with Section 19.2 of the Franchise by attempting mediation prior to filing this lawsuit. Accordingly, Comcast failed to satisfy a condition precedent—compliance with Section 19.2—prior to commencing litigation.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

76.

To the extent Comcast seeks equitable relief from this Court, Comcast's claims are barred by the doctrine of unclean hands. Comcast has acted in bad faith and has refused to comply with the Franchise it signed.

## SIXTH AFFIRMATIVE DEFENSE

## (Unjust Enrichment)

### 77.

Granting Comcast's demand in the Complaint would result in Comcast being unjustly enriched. On information and belief, Comcast would be the only entity in the City of Beaverton that does not have to comply with the law and pay its fair share in supporting the infrastructure that allows it to operate.

## SEVENTH AFFIRMATIVE DEFENSE

## (Reservation of Rights)

### 78.

The City intends to add and rely upon such other and further defenses as may become apparent or available during the discovery in this action, and reserves the right to amend this list of defenses and/or its Answer to the Complaint and/or to assert any such defenses in the future.

## COUNTERCLAIMS

### 79.

The City, for its counterclaims against Comcast, alleges as follows:

### 80.

This Court now has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Diversity exists because after the City notified Comcast on July 1, 2020 of its intent to initiate an action on the fees owed if the parties could not reach resolution, Comcast changed its state of incorporation from Oregon to Delaware, effective August 7, 2020. Therefore, Comcast is now incorporated in Delaware with its principal place of business in Pennsylvania. The City is an Oregon municipal corporation and the amount in controversy exceeds $75,000.00. This Court further has jurisdiction over the claims set forth in the City's counterclaims pursuant to the Court's supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both Comcast's federal claims and the City's state claims alleged herein arose from Comcast's use of the City's rights-of-way and the City's entitlement to, and Comcast's refusal to pay, the fees

associated with such use.  The state action is so related to the federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

81.

In 2016, the City enacted the ROW Ordinance (No. 4684), a comprehensive ordinance addressing utility facilities in the City's rights-of-way.  The ROW Ordinance is codified as BC Chapter 4.15.  By enacting the ROW Ordinance, the City ensures that the City's current and ongoing costs of granting and regulating access to and the use of the rights-of-way are fully compensated by the persons and entities seeking such access and causing such costs.  BC 4.15.020(B).  The City's enactment of the ROW Ordinance likewise ensures that all utility companies and other entities providing services within the City comply with the City's ordinances, rules and regulations.  BC 4.15.020(D).

82.

For decades Comcast has provided cable television (video) to Comcast customers within the City.  Comcast has regularly paid the City's current and ongoing costs of granting and regulating access to and the use of the rights-of-way for cable television.  Accordingly, this action does not seek to collect on those fees because Comcast has paid them.  However, starting in the 1990's, technology developed allowing Comcast to provide phone (voice) and internet services to Comcast customers within the City.  At first, the City did not charge Comcast for the increased cost to the City of granting and regulating access to and the use of rights-of-way for voice and internet services to Comcast customers within the City.  As demand for voice and internet services increased in the 2000's, however, Comcast's presence in the rights-of-way became greater and greater.

83.

Prior to the enactment of the ROW Ordinance in 2016, Comcast provided comments, asked questions, and otherwise actively participated in public discussions about the proposed new ordinance.

84.

For nearly three years following the enactment of BC 4.15, Comcast refused to pay in full for its use of the City's rights-of-way.  Comcast has paid for the fees for the rights-of-way for cable television (video), but not for phone (voice) or internet services.  Comcast owes the City 5% of its gross revenue from voice and internet services provided in the City from October 2016 to June 2019.  Comcast is in default for failing to pay the 5% fee.  These counterclaims are intended to enforce BC 4.15 against Comcast for the due but unpaid rights-of-way-fee.

85.

The City is an Oregon municipal corporation.

86.

Comcast is a Delaware corporation, registered and doing business in Washington County, that operates and provides services to customers in Beaverton, Oregon.

87.

In 1906, Oregon voters approved the "Home Rule Amendment" to the Oregon Constitution.  Article XI, section 2, of the Oregon Constitution allows cities to claim extensive lawmaking authority through their municipal charters.

88.

BC 2, section 4, Power of the City, provides: "The city shall have all powers which the constitutions, statutes, and common law of the United States and of this state expressly or impliedly grant or allow municipalities, as fully as though this charter specifically enumerated each of those powers."

89.

Pursuant to Article XI, section 2, of the Oregon Constitution and Chapter 2, section 4 of the Beaverton Charter, the City has the legal authority to enact and enforce the ROW Ordinance.

90.

The City may take all action necessary or convenient for the government of its local affairs, unless limited by an express provision or necessary implication of general law.  ORS 221.410.

**Page 17 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO CONSOLIDATED FIRST AMENDED COMPLAINT**

91.

The City is authorized to regulate use of its municipally owned rights-of-way, and to impose charges upon publicly owned suppliers of electrical energy, as well as privately owned suppliers for the use of such rights-of-way.  ORS 221.415.

92.

The City has the power to determine by contract, ordinance, or other means, the terms and conditions upon which any telecommunications carrier may occupy public property within the City.  ORS 221.510(2).

93.

BC 4.15 is intended to: (1) establish clear guidelines, standards, and requirements for all utilities that request to operate within the City's boundaries; (2) ensure local authority to manage the rights-of-way for the health and safety of local residents; and (3) ensure adequate compensation to local taxpayers for private use of publicly owned rights-of-way.

94.

BC 4.15 defines rights-of-way to mean and include "the space in, upon, above, along, across, over or under the public streets, roads, highways, lanes, courts, ways, alleys, boulevards, bridges, trails, paths, sidewalks, bicycle lanes, public utility easements and all other public ways or areas, including the subsurface under and air space over these areas[.]"  BC 4.15.050(K).

95.

Under BC 4.15, no person may engage in any utility services in the City without first registering with the City and paying an annual registration fee.  BC 4.15.060.

96.

Pursuant to BC 4.15.130 (the "ROW Fee"), "[E]very person that owns utility facilities in the City and every person that uses utility facilities in the City to provide utility service, whether or not the person owns the utility facilities used to provide the utility services, shall pay the rights-of-way fee for every utility service provided using the rights-of-way in the amount determined by resolution of the City Council."

97.

"Person" means and includes "any individual, firm, sole proprietorship, corporation, company, partnership, co-partnership, joint-stock company, trust, limited liability company, association, local service district, governmental entity or other organization, including any natural person or any other legal entity." BC 4.15.050(G). Comcast, as a corporation, is a "person" under BC 4.15.

98.

"Utility service" means "the provision, by means of utility facilities permanently located within, under or above the rights-of-way, whether or not such facilities are owned by the service provider, of electricity, natural gas, *communications services, cable services*, water, sewer or storm sewer to or from customers within the corporate boundaries of the City, or the transmission of any of these services through the City whether or not customers within the City are served by those transmissions." BC 4.15.050(O) (emphasis added). As outlined below, Comcast provides "utility service" in the City using the City's rights-of-way.

99.

"Cable service" is defined as "the one-way transmission to subscribers of: (1) video programming, or (2) other programming service; and subscriber interaction, … which is required for the selection or use of such video programming or other programming service." BC 4.15.050(A). Comcast provides "cable service" as defined in BC 4.15.050(A). To date, Comcast has paid in full the rights-of-way fee for its cable services.

100.

"Communications services" means "any service provided for the purpose of transmission of information including, but not limited to, voice, video or data, without regard to the transmission protocol employed, whether or not the transmission medium is owned by the provider itself." BC 4.15.050(E).

101.

"Communications services" also "includes all forms of telephone services and voice, video, data or information transport, but does not include: (1) cable service; (2) open video

**Page 19 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO CONSOLIDATED FIRST AMENDED COMPLAINT**

system service, as defined in 47 C.F.R. 76; (3) over-the-air radio or television broadcasting to the public-at-large from facilities licensed by the Federal Communications Commission or any successor thereto; (4) public communications systems; and (5) direct-to-home satellite service within the meaning of Section 602 of the Telecommunications Act." BC 4.15.050(E). Comcast provides "communications services" as defined in BC 4.15.050(E). Specifically, Comcast's voice and internet services are "communications services." To date, Comcast has not paid in full the rights-of-way fee for its communications services.

102.

Unless otherwise agreed to in writing by the City, the ROW Fee must be paid quarterly, in arrears, for each quarter during the term of the license within 30 days after the end of each calendar quarter, and shall be accompanied by an accounting of gross revenues, if applicable, and a calculation of the amount payable. BC 4.15.130(B).

103.

Comcast has not remitted its full ROW Fee payments to the City for voice and internet services for the period of October 1, 2016 to June 30, 2019.

104.

Comcast has remitted ROW Fee payments to the City for voice and internet services for the periods of July 1, 2019 to September 30, 2019; October 1, 2019 to December 31, 2019; and January 1, 2020 to March 31, 2020, in the amounts of $327,988.35, $354,651.06, and $380,666.19, respectively. Upon information and belief, Comcast paid these quarters because it began passing along the fee to its customers at that time. However, Comcast refuses to pay past-amounts due that it did not extract from its customers.

105.

The City has demanded that Comcast pay all amounts in arrears under BC Chapter 4.15, including the ROW Fee. Comcast has not paid these amounts. Upon information and belief, Comcast owes the City not less than $3.75 million in unpaid ROW Fees, exclusive of interest and penalties.

## FIRST COUNTERCLAIM

### (ORS 30.315)

106.

The City realleges paragraphs 1 through 105 above.

107.

In providing its "utility services," which include "communications services," to the residents of the City, Comcast uses the City's rights-of-way.

108.

Pursuant to BC 4.15.130, as a person that uses utility facilities in the City to provide utility service, Comcast must pay the ROW Fee for every utility service provided using the rights-of-way.

109.

Comcast has failed to make all payments for its use of the City's rights-of-way between October 2016 and June 2019, a period of 32 months.

110.

The City is entitled to collect from Comcast the sum of not less than $3.75 million as the unpaid ROW Fee, for the period of October 2016 through June 2019.

## SECOND COUNTERCLAIM

### (Interest)

111.

The City realleges paragraphs 1 through 110 above.

112.

The ROW Fee shall be paid quarterly, in arrears, for each quarter during the term of the license within 30 days after the end of each calendar quarter, unless otherwise agreed to in writing by the City.  BC 4.15.130(F).

113.

As a person "who owns, places, operates or maintains a utility facility within the City," Comcast is a utility operator.  BC 4.15.050(N).

114.

Pursuant to BC 4.15.130(D), a utility operator shall pay interest at a rate of nine percent (9%) per year for any payment made after the due date.

115.

Comcast has failed to make all payments for its use of the City's rights-of-way between October 2016 and June 2019, a period of 32 months.

116.

Pursuant to BC 4.15.130(D), Comcast is required to pay interest, at a rate of .75 % per month on the ROW Fee, from the date each payment was due until paid.

117.

As of the date of this complaint, the total interest owed by Comcast for its failure to pay the ROW Fee is not less than $625,000.

## THIRD COUNTERCLAIM

### (Breach of Contract)

118.

The City realleges paragraphs 1 through 117 above.

119.

Comcast breached the Agreement in one or more of the following ways:

(a) Comcast filed this lawsuit without first complying with the Dispute Resolution provision requiring mediation before filing a lawsuit.

(b) Or, in the alternative, Comcast filed this lawsuit in violation of the implied covenant of good faith and fair dealing.

120.

As a result of Comcast's breaches, the City has suffered damages.

## PRAYER FOR RELIEF

Wherefore, the City prays for the following relief:

A.  That Comcast take nothing;

B.  That judgment be entered against Comcast for payment of the ROW Fee on the
    City's First Counterclaim (ORS 30.315) in the amount of not less than $3.75
    million, or such other amount as may be shown at trial;

C.  That judgment be entered against Comcast for prejudgment interest on the City's
    Second Counterclaim (Interest) for relief in the amount of .75% per month on the
    ROW Fee, from the date each payment was due until judgment in this matter;

D.  That judgment be entered against Comcast for breach of contract on the City's
    Third Counterclaim (Breach of Contract) and that the Court dismiss Comcast's
    First Claim for Relief;

E.  That judgment be entered against Comcast for breach of contract on the City's
    Third Counterclaim (Breach of Contract) and that the Court orders Comcast to
    compensate the City for the damages the City suffered as a result of Comcast's
    breach of the Agreement; and

F.  That the Court award such additional relief as justice may require.

DATED this 5th day of October, 2020.

MARKOWITZ HERBOLD PC

By:     *s/ Laura Salerno Owens*
        Laura Salerno Owens, OSB #076230
        David B. Markowitz, OSB #742046
        Anna M. Joyce, OSB #013112
        Anthony Blake, OSB #163446
        (503) 295-3085
        Of Attorneys for City of Beaverton

1049460